IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-185-BO

MONTOYAE DONTAE SHARP, )
    Plaintiff, )
)
v. )     O R D E R
)
R.L. "RICKY" BEST, JEFFREY D. )
SHROCK, and CITY OF GREENVILLE, )
    Defendants. )

This cause comes before the Court on a motion by defendant City of Greenville for partial judgment on the pleadings. Plaintiff has responded, the City of Greenville has replied, and the matter is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff was convicted of first-degree murder on July 17, 1995, in Greenville, North Carolina. On August 22, 2019, plaintiff's murder conviction was overturned. On November 12, 2021, the Governor of North Carolina granted plaintiff a pardon of innocence. On December 20, 2021, plaintiff commenced this action under 42 U.S.C. § 1983 seeking damages for his wrongful arrest and imprisonment for more than twenty-five years.

## DISCUSSION

Among his claims, plaintiff asserts a claim against the City of Greenville under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-94 (1978). The City of Greenville has moved for judgment on the pleadings on plaintiff's *Monell* claim.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion

under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

Pursuant to *Monell*, a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. Municipal liability only results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. at 694. In response to the motion, plaintiff argues that he is asserting a "failure to train" theory of liability based upon a single incident.

Under certain circumstances, a municipality can be held liable for constitutional violations which result from its failure to train its employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388. And, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). But in *Canton*, the Supreme Court "left open the possibility that, 'in a narrow range of circumstances,' a pattern of similar violations might not be necessary to show deliberate indifference." *Id.* at 63.

The City of Greenville argues that the facts of this case do not fall within any narrow range of circumstances that have been recognized as demonstrating deliberate indifference in the failure to train based upon a single incident. The Court determines, however, that a ruling on this issue at

2

this stage is premature. The motion for judgment on the pleadings will therefore be denied, but the City of Greenville will be permitted to re-raise this issue at a later stage in the proceeding.

## CONCLUSION

Accordingly, for the foregoing reasons, the City of Greenville's motion for judgment on the pleadings [DE 37] is DENIED.

SO ORDERED, this 31 day of October 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE