IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL NO: 4:21-CV-000185-BO

| | |
|---|---|
| Montoyae Dontae Sharpe,<br><br>Plaintiff,<br><br>v.<br><br>R.L. "Ricky" Best, Jeffrey D. Shrock, Carolyn Melvin, and the City of Greenville, North Carolina,<br><br>Defendants. | **PROTECTIVE ORDER** |
| Montoyae Dontae Sharpe,<br><br>Plaintiff,<br><br>v.<br><br>Carolyn Melvin,<br><br>Defendant. | Civil No.: 4:22-CV-88-M<br>Consolidated with 4:21-CV-000185-BO |

This matter is before the court on the "Consent Motion For Protective Order" (Document No. 64) filed May 2, 2023. Having carefully considered the motion and the record, the undersigned will grant the motion. Documents have been and will be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which relate to medical, mental health, counseling, psychiatric, and/or psychological treatment records, notes, and documents relating to Defendant Carolyn Melvin. The above-described documents may contain confidential and/or sensitive information, and therefore the parties have sought an order to govern the use of the documents.

Page **1** of **6**

The Court hereby finds good cause that a Protective Order be issued.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Plaintiff and Defendants shall not use the Confidential Documents for any purpose other than the prosecution/defense of this action.

2. No person shall disclose to any other person the documents produced pursuant to this Order or the information contained therein unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and information may be disclosed only to the following persons:

   A. Counsel of record for the Plaintiff and Defendants and the employees or such counsel who are assisting said counsel in preparation for the trial of the underlying case;

   B. Persons specifically consulted by the Plaintiff and Defendants to assist in the preparation or trial of this matter who are not regular employees of counsel of record for Plaintiff and the Defendants but only if such persons need the Confidential Documents or information therefrom to render such assistance and agree in writing to be bound by the terms of this Protective Order as set forth in paragraph 3 below (such persons shall destroy the Confidential Documents and may not retain any copies of the Confidential Documents after their participation in the case has ended); and

   C. Any witness at trial to the extent that it is essential to tender such witness Confidential Document as an exhibit to elicit testimony relevant to the matters at issue in this case.

3. Before any person is given access to Confidential Documents or information that relate to someone other than that person, counsel for the Defendants and/or the Plaintiff shall provide such person with a copy of this Order and require such person to execute the acknowledgment attached hereto as **Exhibit A**. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the order and obtain his or her acknowledgment one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents.)

4. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted to the Court under a proposed motion to seal, pursuant to Local Rule 79.2. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

5. Each person given access to Confidential Documents or information therefrom pursuant to this Order that relate to someone other than that person shall keep such material strictly secure, and refrain from disclosing in any manner any information set forth in said documents, and shall keep such documents and the information contained therein or derived therefrom confidential except as otherwise provided by the terms of this Order.

6. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and information therefrom shall continue to be binding upon all persons entitled to access under the terms of this Order.

7. Nothing in this Order shall preclude Plaintiff nor Defendants from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate. Nothing herein shall limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action.

8. This Court shall determine any measures which should be taken during trial of this case to satisfy the requirements of confidentiality consistent with the rights of all parties to present

Page 3 of 6

Case 4:21-cv-00185-BO   Document 65   Filed 05/11/23   Page 3 of 6

all admissible evidence necessary for a proper resolution of this case.

Dated this __11__ day of May, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

CONSENTED TO:

/s/ Sonya Pfeiffer
spfeiffer@rudolfwidenhouse.com

/s/ Phillip Lewis
Plewis@rudolfwidenhouse.com

/s/ David Rudolf
Dsrudolf@rudolfwidenhouse.com

**Attorneys for Plaintiff**


/s/ Elizabeth Martineau
emartineau@martineauking.com

/s/ Peter Clements
pclements@martineauking.com

/s/ Joseph W. Fulton
jfulton@martineauking.com

**Attorneys for Defendants City of Greenville, Ricky Best, Jeffrey Shrock**

/s/ Nick Ellis
jnellis@poynerspruill.com

**Attorney for Defendant Carolyn Melvin**

## EXHIBIT A

### Acknowledgment and Agreement to be Bound

I, _____, of _____, acknowledge that I have read in its entirety and understand the Protective Order entered in the matter of *__Montoyae Dontae Sharpe v. City of Greenville, R.L. "Ricky" Best, and Jeffrey D. Shrock, CIVIL NO: 4:21-CV-000185-BO.__* I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions from the Court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the Protective Order in relation with my involvement with the above case.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____