IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CONSOLIDATED ACTION

| | | |
|---|---|---|
| MONTOYAE DONTAE SHARP,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 4:21-CV-185-BO |
| DAVID RICKY BEST, *et al.*,<br>Defendants. | )<br>)<br>) | |

| | | |
|---|---|---|
| MONTOYAE DONTAE SHARP,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 4:22-CV-88-BO |
| CAROLYN MELVIN<br>Defendant. | )<br>)<br>) | |

## ORDER

This cause comes before the Court on plaintiff's motion in limine to admit pardon of innocence and bar improper suggestions of plaintiff's guilt [DE 153], plaintiff's motion in limine to exclude the testimony of Beatrice Stokes [DE 156], plaintiff's motion to quash defendants' subpoena for Beatrice Stokes's deposition [DE 207], and plaintiff's emergency motion to stay [DE 218]. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for ruling. The Court will also consider additional, non-dispositive motions which are ripe for disposition.

## DISCUSSION

A ruling *in limine* is preliminary and may be subject to change as the trial unfolds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Moreover, "[c]ourts routinely defer ruling on motions in

limine and evidentiary matters until they have enough information." *Finch v. Covil Corp.*, 388 F. Supp. 3d 593, 612 n.14 (M.D.N.C. 2019).

A. <u>Motion *in limine* to admit pardon of innocence and bar suggestions of plaintiff's guilt</u> [DE 153]

Plaintiff seeks an order admitting the pardon of innocence at the trial of this matter and further barring defendants from attempting to impeach plaintiff's pardon of innocence by offering evidence they contend would show that plaintiff is factually guilty of the murder of George Radcliff. Under North Carolina law, the governor may grant an unconditional or conditional pardon, and upon the issuance of a pardon the appropriate sheriff shall serve the pardon on the clerk of court for filing. *See* N.C. Const. art. III, § 5(6); N.C. Gen. Stat. §§ 147-21—25. The Governor of North Carolina issued to plaintiff a pardon of innocence on November 12, 2021; the pardon has been affixed with the Seal of the State of North Carolina and delivered to the Sheriff of Pitt County for Service on the Pitt County Clerk of Court. [DE 154-2].

Rule 201 of the Federal Rules of Evidence permits a court to

> judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

There is no genuine dispute that the pardon of innocence is a fact generally known within this Court's territorial jurisdiction or that the fact of its issuance can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The Court will take judicial notice of the pardon of innocence. *See also Howard v. City of Durham*, 68 F.4th 934, 959 (4th Cir. 2023) (pardon of innocence admissible as a public record). The Court denies, however, without prejudice, plaintiff's motion as it relates to evidence which he contends defendants may

2

offer should this case proceed to trial. The request is premature and the motion [DE 153] is therefore granted in part and denied without prejudice in part.

B. Motion *in limine* to exclude testimony at trial [DE 156]

Plaintiff has moved *in limine* to exclude the testimony of Beatrice Stokes at trial. Plaintiff also seeks an order prohibiting defendants from taking the *de bene esse* deposition of Stokes. First, the deposition of Stokes has taken place, and thus this portion of plaintiff's motion is denied. Whether to admit the testimony of Stokes at trial is an issue better decided once any trial has commenced and the Court has additional information. The request to exclude the testimony of Beatrice Stokes at trial is denied without prejudice. The motion [DE 156] is therefore denied in part and denied without prejudice in part.

C. Motion to quash subpoena [DE 207] and emergency motion to stay deposition [DE 218]

The deposition of Beatrice Stokes took place on October 11, 2024. [DE 239]. Counsel for plaintiff was present for the deposition. Plaintiff's motion to quash subpoena [DE 207] and emergency motion to stay Stokes's deposition [DE 218] are therefore denied as moot.

D. Motions to seal [DE 177; DE 281]

Plaintiff has moved to seal several documents filed together with his summary judgment briefing, including Charlene Johnson's medical records and the North Carolina State Bureau of Investigation (SBI) Confidential Case File. No defendants have opposed the sealing of these documents, nor has any member of the public filed an opposition to their being maintained under seal, despite the motions to seal having been filed on the public docket.

When a party seeks leave to seal judicial records, a court must give the public notice and a reasonable opportunity to oppose sealing the record; consider alternatives to sealing the record which are less drastic, and, if the record is to be sealed, make specific findings and state its reasons

3

for electing to seal a record. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). A court must further determine whether the public's right to access the record is based upon the First Amendment or common law. *Id.*

The First Amendment guarantees access to certain judicial records and documents, including, as here, documents filed in connection with summary judgment motions. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "Where the First Amendment guarantees access, . . . access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* "A sealing involving 'judicial records and documents' can be accomplished without violating First Amendment rights only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021) (quoting *In re Washington Post Co.*, 807 F.2d 383, 390, 392 (4th Cir. 1986) (internal quotations omitted)).

The Court finds that sealing Johnson's medical records and the confidential SBI file is appropriate. There is a compelling government interest in keeping both the medical history of a third party as well as confidential law enforcement files private. *See, e.g., Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *11 (E.D.N.C. Dec. 11, 2014) (medical records of third parties appropriately sealed); *Knight Est. of Graham v. City of Fayetteville*, 234 F. Supp. 3d 669, 684 (E.D.N.C. 2017) (maintaining SBI file under seal). Plaintiff seeks to seal only certain exhibits, not entire memoranda, and, given the nature of the documents, redactions are not reasonable nor would they adequately protect the compelling interest in keeping the documents

4

private. Accordingly, and without opposition, the Court grants the motions to seal. [DE 177; DE 281].

E. Consent motions for leave to exceed page limits [DE 210; DE 211; DE 276]

Plaintiff's consent motions for leave to exceed the page limits and file single responses to defendants' motions for summary judgment [DE 210; DE 211; DE 276] are granted.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion *in limine* at [DE 153] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART; plaintiff's motion *in limine* at [DE 156] is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART; plaintiff's motion to quash subpoena [DE 207] and emergency motion to stay Stokes's deposition [DE 218] are DENIED AS MOOT; plaintiff's motions to seal [DE 177; DE 281] are GRANTED; and plaintiff's consent motions for leave to exceed page limits [DE 210; DE 211; DE 276] are GRANTED.

SO ORDERED, this 29 day of January 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE