IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil No: 4:21-CV-00185-BO

| | |
|---|---|
| MONTOYAE DONTAE SHARPE, <br><br> Plaintiff, <br><br> v. <br><br> DAVID RICKY BEST, JEFFREY D. SHROCK, and THE CITY OF GREENVILLE, NORTH CAROLINA, <br><br> Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS** |
| MONTOYAE DONTAE SHARPE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN MELVIN, <br><br> Defendant. | Civil No: 4:22-CV-00088-BO-RJ <br> (Consolidated with 4:21-cv-00185-BO) |

Plaintiff Montoyae Dontae Sharpe respectfully moves the Court to certify as frivolous Defendants' interlocutory appeals of this Court's Order denying in part the motions for summary judgment filed by Defendants Melvin, Best, and Shrock. In support thereof, Plaintiff shows the Court as follows:

**INTRODUCTION**

The Motions for Summary Judgment filed by Defendants Melvin, Best, and Shrock [DE 254; DE 257; DE 260] and supporting Memoranda [DE 256; DE 259; DE 262] raised and developed only fact-based qualified immunity and public-official immunity arguments. In an Order entered on February 11, 2025, the Court denied these claims of qualified immunity and

public-official immunity based on the disputed issues of material fact upon which Defendants' immunity claims rested. [DE 287.] In its Order denying Defendants' motions for summary judgment, the Court referred the matter to the Magistrate for purposes of conducting a pretrial conference and establishing a pretrial order. The Magistrate entered an Order setting a prompt schedule for the parties to work on a pretrial order, and the pretrial hearing was set for February 27, 2025. [DE 288.]

Following the entry of the Magistrate's Order, Defendants noticed interlocutory appeals based on claims of qualified immunity and public-official immunity. [DE 291; DE 292.] Defendants then filed a motion to continue the pretrial conference set for February 27, 2025, and the March trial (not yet scheduled). [DE 297.] Although Defendants sought a stay of the February 27 pretrial hearing and the trial itself, they did not seek a stay of the court-hosted settlement conference—despite the burden such a settlement conference imposes on their clients.

As Plaintiff will show, the interlocutory appeals of this Court's Order denying in part Defendants' claims for summary judgment are frivolous because the Fourth Circuit does not have jurisdiction over their fact-based arguments. Furthermore, Defendants' appeals appear to have been entered for purposes of delay, and in an attempt to create a tactical advantage at the court-hosted settlement conference they specifically excluded from their motions to stay. By filing frivolous notices of appeal, Defendants appear to be trying to use the potential of a lengthy delay caused by an appeal to the Fourth Circuit as leverage to induce Plaintiff to accept a reduced settlement. The Court should certify Defendants' appeals as frivolous and allow this case to proceed to trial.

# ARGUMENT

## I. A District Court Can Certify an Interlocutory Appeal as Frivolous.

Pursuant to 28 U.S.C. § 129 and the collateral-order doctrine, a defendant can file an interlocutory appeal of the denial of a motion for summary judgment based on qualified immunity. This, however, does not leave a district court without recourse when a defendant files a frivolous appeal for tactical or other improper reasons. It is well-established that a district court can certify an interlocutory appeal as frivolous and allow a case to proceed to trial. *See Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (emphasizing that certification of frivolous appeals "streamline[s] the disposition of meritless claims"); *Thompson v. Farmer*, 945 F. Supp. 109, 112 (W.D.N.C. 1996) (holding that "this Court has the power to certify an appeal as frivolous in an appropriate case"); *Indus. Servs. Grp., Inc. v. Dobson*, No. 1:21-cv-00090, 2022 WL 2232473, at *2 (W.D.N.C. 2022) ("Where an appeal is determined to be frivolous . . . the district court may proceed, regardless of the pending appeal."); *Eckert Int'l, Inc. v. Gov. of the Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993). If an appeal is certified by a district court as frivolous, the court may further certify that the case should proceed to trial. *Eckert*, 834 F. Supp. at 174; *see also Mgmt. Sci. America Inc. v. McMuya*, 956 F.2d 1162, 1992 WL 42893, at *2 (4th Cir. March 4, 1992) (unpubl.) ("Generally, the filing of a notice of appeal divests the district court of all jurisdiction in a case. . . . However, this rule does not apply where the district court has certified the appeal to be frivolous.").

In determining whether Defendants' interlocutory appeal is frivolous, the distinction between "fact-based" appeals and those based on "abstract" issues of law is crucial. *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 221 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)). "[O]nly the latter suppl[ies] a proper foundation for immediate appeal." *Id.*; *see also Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (appellate court may address the portions of an

3

order denying summary judgment that "resolve a dispute concerning an abstract issue of law relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was clearly established"). However, a district court's "determination that the summary judgment record . . . raised a genuine issue of fact . . . [is] not a 'final decision' within the meaning of the relevant statute," and, consequently, an interlocutory appeal will not lie from such an order. *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

> II. **Defendants' Interlocutory Appeals Are Frivolous.**

The Notice of Appeal filed by Defendants Best and Shrock appeals the Court's conclusion that the constitutional rights Plaintiff alleges to have been violated were clearly established. Best and Shrock also appeal the Court's denial of public-official immunity with respect to Plaintiff's state-law claims. However, the motions for summary judgment filed by Best and Shrock, their supporting memoranda, and the arguments contained therein, asserted qualified immunity and public-official immunity *based solely on issues of fact*—issues of material fact that this Court, in its Order denying Defendants' motions for summary judgment, ruled were hotly disputed, such that "[a] finder of fact is required to wade through the evidence in this case and determine what actually occurred" before the Court could make a decision on qualified immunity. [DE 287.] With respect to public-official immunity, the Court held: "Because the Court has denied qualified immunity at this stage on the § 1983 claims, it will also deny public officer immunity . . . leaving a final determination as to whether [Defendants] are entitled to immunity for after a jury has determined the facts." [*Id.*] The Court, therefore, has already ruled that the immunity determinations sought by Best and Shrock cannot be made until a fact finder determines what actually transpired. As such, an appeal on the basis of these factual issues is improper and should be certified as frivolous.

The Notice of Appeal filed by Defendant Melvin likewise pertains to qualified immunity and public-official immunity. With the exception of Melvin's argument that Plaintiff's claim for failure to intervene was not clearly established (which argument is itself not supported by citation to relevant legal authority), the arguments set forth in Melvin's memorandum in support of summary judgment [DE 256] are based upon only issues of fact (*e.g.*, whether Melvin had knowledge that Best fabricated Charlene Johnson's statement; whether Melvin acted with malice). Melvin's appeal is therefore also frivolous and should be certified as such.

      **A.**    **Defendant Best's Qualified-Immunity Arguments Are Based on Disputed Issues of Material Fact.**

As set forth in detail in **Exhibit A** attached, the qualified-immunity arguments raised by Best in his Motion for Summary Judgment are based on factual assertions, not on whether the right violated was "clearly established" at the time of Best's conduct. For example, on page four of his memorandum, Best argued that he was entitled to qualified immunity and public-official immunity, not because the rights claimed by Plaintiff were not clearly established, but rather because Plaintiff had "failed to produce any evidence" to strip Best of qualified immunity. [DE 259 at 4.] Thereafter, all of Best's arguments with respect to each claim asserted by Plaintiff turned on questions of fact. For Counts I and VII, Best argued that Plaintiff "adduced no evidence" that Best did not believe Charlene Johnson or Beatrice Stokes. [*Id*. at 3.] For Count IV, Best argued there was "no evidence" that Charlene Johnson's statement was based on anything but her own knowledge, which is necessarily a fact-based inquiry. [*Id*. at 12.] For Counts V, VI, and VIII, Best again argued that Plaintiff failed to produce evidence to support the claims. [*Id*. at 14–15 (Count V); 15 (Count VI); 18 (Count VIII).] Finally, Best's summary section regarding qualified immunity is similarly fact-based, in that Best asserted Plaintiff had not "adduced any evidence that Best did not believe

Charlene, or that Best acted in bad faith," [*id.* at 21], or that "Best's specific actions" violated the Constitution [*id.*].

B. **Defendant Shrock's Qualified-Immunity Arguments Are Based on Disputed Issues of Material Fact.**

Shrock argues in his memorandum of law [DE 262] that he is entitled to qualified immunity with respect to Plaintiff's § 1983 claims for concealment of exculpatory and impeachment evidence (Count VI), and knowing and reckless use of false evidence (Count VII), and that he is entitled to public-official immunity with respect to Plaintiff's claim for wrongful imprisonment and civil conspiracy (Count XI). As shown in Exhibit A, Shrock's arguments regarding each claim, and specifically as to qualified immunity, are fact-based and therefore questions for the jury.

Shrock asserts, for example, that he did not violate Plaintiff's constitutional rights during his interaction with Charlene Johnson and communications with the district attorney because, he claims, the district attorney had the allegedly exculpatory information "*and disclosed it to Plaintiff's attorney Cherry Stokes.*" [*Id*. at 6.] Plaintiff has adduced evidence during discovery that this is false, but more to the point, it requires a factual determination on a disputed material fact.

Shrock then alleges that "a reasonable officer could have still believed that Shrock's conduct was lawful in 1995 and 1997." [*Id*.] He attempts to narrowly define the contours of his conduct to include only "transporting a juvenile witness to the emergency room . . ." and nothing more. [*Id*.] However, Shrock's own interviews with the Duke Law Wrongful Convictions Clinic and the Greenville Police Department sharply call into question Shrock's present version of events, and make this a disputed issue of material fact, as the Court found.

Finally, Shrock argues that Plaintiff has not shown a clearly established right in 1994 relating to the concealment of exculpatory and impeachment evidence "*absent a showing of bad faith.*" [*Id*. at 7.] This is, in fact, precisely what Plaintiff established during discovery—that Shrock

concealed evidence in bad faith to hide his own misconduct. The issue of whether Shrock's actions were undertaken *in bad faith* is a factual determination for the jury.

The Court accurately concluded, based upon the plethora of case law cited by Plaintiff in his summary judgment filings, that the rights that Shrock is alleged to have transgressed were clearly established as of 1995 and 1997. The interlocutory appeal is therefore frivolous, as resolution of the qualified-immunity issues is dependent on disputed material facts.

### C. Defendant Melvin's Qualified-Immunity Arguments Are Based on Disputed Issues of Material Fact.

Melvin argues in her memorandum of law [DE 256] she is entitled to qualified immunity as to Plaintiff's § 1983 claims for knowing and reckless use of false evidence (Count II), failure to intervene (Count III), malicious prosecution (Count IV), and failure to investigate (Count V). Melvin also argues she is entitled to public-official immunity with respect to Plaintiff's state-law claims for wrongful imprisonment and civil conspiracy (Count XI) and gross/reckless negligence (Count XII). As reflected in Exhibit A, Melvin's arguments regarding each claim are fact-based and therefore questions for the jury.

With respect to Plaintiff's claim for knowing and reckless use of false evidence, Melvin asserts in her motion for summary judgment that "Plaintiff *cannot forecast sufficient evidence* that Melvin violated such a right." [*Id*. at 8.] Melvin claims that she *did not knowingly* use false evidence because *she did not know* that Charlene Johnson's statement was false. [*Id.* at 9.] These are issues of fact.

With respect to Plaintiff's claim for failure to intervene, Melvin begins by arguing that this claim *lacks "factual support,"* in that there is *no evidence* Melvin had specific knowledge that Charlene Johnson's statement was false. [*Id*. at 10.]

7

As to Plaintiff's claim for malicious prosecution, Melvin argues she is entitled to qualified immunity "if a reasonable officer *could have believed* that probable cause existed to arrest [Plaintiff]," or if Melvin's decision "*was reasonable*, even if mistaken." [*Id*. at 22.] These are necessarily fact-based determinations.

Melvin asserts that Plaintiff's claim for failure to investigate—*in the absence of an allegation of bad-faith*—is barred by qualified immunity because the law establishing this duty was not clearly established in 1994 and 1995. [*Id*. at 25.] However, Plaintiff alleged and provided evidence of a bad-faith motive on behalf of Defendants, and whether this existed is a factual question for the jury.

Finally, Melvin argued she was entitled to public-official immunity with respect to Plaintiff's state-law claims because Plaintiff "*has not produced any evidence* that Melvin acted with malice or corruption or outside the scope of her official duties . . . ." [*Id*. at 27.] These are yet again purely fact-based questions for the jury.

> **D.** **To The Extent That Defendants Made Any Immunity Arguments Based On An Issue Of Law, Their Arguments Were Undeveloped And Are Therefore Waived.**

Although a pure question of law on qualified immunity can be reviewed at this juncture, a party is still required to properly preserve their argument on such an issue in the trial court. A fulsome review of the Defendants' memoranda of law in support of summary judgment demonstrates that they failed to properly preserve the abstract question of whether the law was clearly established as to the constitutional rights claimed by Plaintiff.

Arguments not raised by a party in the district court are waived and may not be raised on appeal. *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 291 (4th Cir. 2021) (quoting *Volvo Trademark Aktiebolaget v. Clark Mach. Co*., 510 F.3d 474, 481 (4th Cir. 2007)) (issues not raised in the district court are foregone on appeal or are otherwise waived). "A party waives an argument . . . by failing

to develop its argument—even if its brief takes a passing shot at the issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (brackets and quotations omitted). "It is not the Court's job to undertake the analysis and legal research needed to support a perfunctory argument, nor should a party expect [the C]ourt to do the work that it elected not to do." *Hill v. Carvana, LLC*, No. 1:22-cv-37, 2022 WL 1625020, at *5 (M.D.N.C. May 23, 2022) (citation and internal quotation marks omitted).

Each of the Defendants waived any argument that the rights claimed by Plaintiff were not clearly established. In his memorandum of law [DE 259], Best provided a framework for analyzing an assertion of qualified immunity. [*Id*. at 19–21.] After "reviewing general authority," *Holman v. Wiggs*, No. 1:23-cv-618, 2024 WL 2784919 at *5 (M.D.N.C. May 30, 2024), Best concluded his argument as follows: "*As Plaintiff has not shown* the rights Best allegedly violated were clearly established at the time Best acted, Best is entitled to judgment as a matter of law on Plaintiff's federal law claims based on qualified immunity." [DE 259 at 21 (emphasis added).]

The law is clear, however, that it is the burden of the party asserting qualified immunity to establish that the right in question was not clearly established at the time of the conduct at issue. Moreover, this barebones assertion "contains none of the development required" for preservation, such as "citation to cases actually applying the clearly established prong of the qualified immunity test." *Hensley on behalf of N.C. v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017) (quotations omitted). As the Fourth Circuit held in *Hensley*, "defendants thus waived their qualified immunity argument, warranting its denial on this basis alone." *Id.*

Any argument based on an issue of law in Shrock's memorandum meets the same fate. Even if Shrock's qualified-immunity arguments were not fact-based, he cited no authority for the propositions that the constitutional rights at issue (*e.g.*, concealment of exculpatory evidence and

9
Case 4:21-cv-00185-BO     Document 300     Filed 02/18/25     Page 9 of 12

use of false evidence) were not clearly established at the time of the conduct in question. That failing, which is fatal to his attempt to avail himself of an interlocutory appeal, is best illustrated by his assertion at page 6 of his brief: "No contemporary precedent establishes that Shrock's actions were unlawful." No cite follows that assertion. Accordingly, this unsupported argument is waived. *JTH Tax, Inc.*, 984 F.3d at 291.

Melvin, too, cannot base her appeal on a purported issue of law. Although Melvin argued that the duty to intervene was not clearly established in 1994 and 1995, [DE 256 at 13], she provided no relevant legal authority to support this proposition. Melvin also attempted to very narrowly frame the constitutional issue regarding failure to intervene as whether there was a clearly established right "for a detective to intervene in a purported fabricated statement when she does not observe the purported fabrication or know her co-detective violated someone's constitutional rights," and went on to argue there is no such right. Melvin likewise failed to provide legal authority for that proposition. Accordingly, those arguments are waived. *JTH Tax, Inc.*, 984 F.3d at 291.[1]

For the foregoing reasons, even if the Defendants had not based the qualified immunity arguments made in their motions for summary judgment solely on disputed issues of fact, as this Court found, their arguments that Plaintiff's claimed rights were not clearly established have been waived. As such, any appeal of this particular ruling is frivolous.

---

[1] Moreover, as set forth above, Defendant Melvin's arguments on qualified immunity as to the other claims against her are purely fact-based, and therefore frivolous. Since she will have to defend those claims at trial, she is not prejudiced by the Court's deferring a decision on her qualified immunity defense on the failure to intervene claim until the jury determines the disputed facts.

## CONCLUSION

For the foregoing reasons, the Court should certify the interlocutory appeals filed by Defendants Best, Shrock, and Melvin as frivolous, and allow the case to proceed to trial.

Respectfully submitted this the 18th day of February 2025.

/s/ Sonya Pfeiffer
David S. Rudolf, NCSB # 8587
Sonya Pfeiffer, NCSB # 37300
Phillip Lewis NCSB # 27944
**PFEIFFER RUDOLF**
2137 South Boulevard, Suite 300
Charlotte, NC 28203
Telephone: (704) 333-9945
Fax: (704) 335-0224
dsr@pr-lawfirm.com
spf@pr-lawfirm.com
pel@pr-lawfirm.com
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS** using the CM/ECF system. Notice of filing will be sent to all parties or their counsel of record by operation of the Court's electronic filing system.

This the 18th day of February 2025.

/s/ Sonya Pfeiffer
Sonya Pfeiffer