# EXHIBIT A

With the exception of some headings, the below text is directly quoting Best, Shrock, or Melvin's memoranda in support of summary judgment. These quotations demonstrate that Defendants' arguments to this Court with respect to the issues raised in Defendants' interlocutory appeals were based on issues of fact.

## Shrock's Qualified Immunity Arguments All Turn on Issues of Fact

### Count VI – Concealment of Exculpatory and Impeachment Evidence

A. There is *no evidence* any exculpatory/impeachment evidence was suppressed or received by Shrock. [DE 262, Shrock's Mot. Summ. J. at 8 (emphasis added).]

    i. Plaintiff's Brady claim fails because *all the material information was disclosed at trial.* [DE 262 at 10 (emphasis added).]

    ii. Plaintiff's Brady claim fails because *he cannot show* that his attorney Cherry Stokes did not have the disputed materials. [DE 262 at 11 (emphasis added).]

    iii. Plaintiff's Brady claim fails because *the court ordered the information* related to witnesses *suppressed*. [DE 262 at 11 (emphasis added).]

    iv. There is *no evidence* Shrock received or was aware of exculpatory/impeachment evidence or *acted in bad faith*. [DE 262 at 12 (emphasis added).]

B. Plaintiff Sharpe, his attorney Cherry Stokes, and the District Attorney's Office were already *made aware of the allegedly exculpatory information.* [DE 262 at 12 (emphasis added).]

    i. *The evidence indicates* that the District Attorney had Charlene's medical records [DE 262 at 12–13 (emphasis added).]

    ii. There is *no evidence* Cherry Stokes was excluded from disclosure of Charlene's medical records. [DE 262 at 13 (emphasis added).]

    iii. The disputed materials and information *were not favorable* to Plaintiff. [DE 262 at 15 (emphasis added).]

C. Plaintiff has not shown a "clearly established" right to exculpatory or impeachment evidence *absent a showing of bad faith* in 1994. [DE 262 at 6 (emphasis added).]

i. Plaintiff can, at best, show that *he had a "clearly established" right to Shrock not concealing or suppressing material exculpatory evidence in bad faith.*

ii. [F]or all of the reasons described herein, Plaintiff is **unable to forecast any evidence** showing that the concealment of exculpatory/impeachment evidence by Shrock, if any, was **in bad faith.** [DE 262 at 7 (emphasis added).]

<u>Count VII – Knowing and Reckless Use of Fabricated Evidence</u>

A. Testimonial Immunity

i. Plaintiff...[alleges] *that Shrock made false statements to DA Clark Everett* prior to the 1997 MAR. However, there is ***no evidence*** any such conversation took place. [DE 262 at 16 (emphasis added).]

B. Qualified Immunity

i. There is ***no evidence*** Shrock ***deliberately fabricated*** evidence. [DE 262 at 17.]

ii. Shrock provided minor inaccurate details in his 1997 MAR testimony, but ***Plaintiff has not adduced any evidence he did so purposefully.*** [DE 262 at 17 (emphasis added).]

iii. Plaintiff ***cannot show that Shrock deliberately or recklessly*** made inaccurate statements on the stand. [DE 262 at 17 (emphasis added).]

iv. Plaintiff also ***cannot forecast evidence*** that Shrock's inaccurate statements at the 1997 MAR caused Plaintiff's incarceration or that his incarceration was foreseeable. [DE 262 at 18 (emphasis added).]

v. Plaintiff ***cannot show Shrock deliberately fabricated*** evidence, or that such a fabrication foreseeably caused Plaintiff's incarceration. There is simply ***no evidence*** to the contrary. [DE 262 at 18 (emphasis added).]

<u>Count XII – Gross and Reckless Negligence</u>

A. Public official immunity

i. [T]o survive this motion for summary judgment, Plaintiff must have alleged and ***forecast evidence*** demonstrating that Shrock acted corruptly or with malice. [DE 262 at 19 (emphasis added).]

ii. Plaintiff ***has not produced any evidence*** that Shrock "acted with malice or corruption." [DE 262 at 19 (emphasis added).]

iii. Because Plaintiff failed to come forward ***with evidence*** to overcome Shrock's public official immunity, Shrock is entitled to summary judgment on Plaintiff's state law claims. [DE 262 at 19 (emphasis added).]

**Best's Qualified Immunity Arguments All Turn on Issues of Fact**

<u>Summary of Argument</u>

A. Count I and Count VII – Knowing and/or Reckless Use of False Evidence

   i. Plaintiff ***adduced no evidence*** to substantiate a claim that Best did not believe either Best (*sic*) or Stokes. [DE 259, Best's Mot. Summ. J. at 3 (emphasis added).]

B. Count IV – Malicious Prosecution

   i. The ***first part of Charlene's statement*** also causes Plaintiff's arrest without ***probable cause*** claim to fail [DE 259 at 4 (emphasis added).]

C. Count V – Failure to Investigate

   i. Plaintiff ***failed to produce any evidence*** of a bad faith investigation and any assertions of a "sloppy" investigation are insufficient to sustain liability against Best. ***Best also had probable cause*** to seek an arrest warrant for Plaintiff based on the first part of Charlene's statement. [DE 259 at 4 (emphasis added).]

D. Count VI – Concealment of Exculpatory and Impeachment Evidence

   i. Plaintiff ***failed to produce any evidence*** that any exculpatory or impeachment evidence was suppressed. In fact, discovery showed that Plaintiff, Plaintiff's attorney, and the District Attorney were already aware of any material exculpatory or impeachment information and that said information was disclosed at trial. [DE 259 at 4 (emphasis added).]

E. Count XI – Wrongful Imprisonment and Civil Conspiracy

   i. Plaintiff ***failed to produce any evidence*** that Best engaged in wrongful acts and omissions in concert with Melvin and Schrock that resulted in Plaintiff's arrest, conviction, and wrongful imprisonment; in fact, ***Best had probable cause*** to arrest Plaintiff. Plaintiff also ***failed to produce any evidence*** that Best was grossly and recklessly negligent (Count XII). [DE 259 at 4 (emphasis added).]

F. Qualified Immunity/Public Official Immunity

   i. Plaintiff also ***failed to produce any evidence*** to strip Best of qualified immunity for the alleged First, Fourth, and Fourteenth Amendment

violations (Counts I, IV, V, VI, VII, VIII & IX) or public official immunity for the alleged North Carolina state law violations (Counts XI, XII & XIII). [DE 259 at 4 (emphasis added).]

Legal Argument

Counts I & VII

A. There is *no evidence* Best knowingly/recklessly used false evidence to deny Plaintiff a fair criminal proceeding in violation of the Due Process Clause of the Fourteenth Amendment and the right of effective access to the courts in violation of the First Amendment (Counts I & VII). [DE 259 at 6 (emphasis added).]

B. As there are *no genuine issues of material fact* when it comes to whether Best is liable to Plaintiff for knowing use/reckless use/fabrication of false evidence based on the foregoing, Best is entitled to judgment as a matter of law on these claims…. [DE 259 at 9 (emphasis added).]

Count IV

A. Best *had probable cause* to arrest Plaintiff as a matter of law and did not violate his rights under the Fourth and Fourteenth Amendments (Count IV) [DE 259 at 9 (emphasis added).].

   i. As stated above, *there is no evidence* to support a finding that the first part of Charlene's statement was based on anything but her own knowledge. Appx. O, pp. 1. Plaintiff *cannot produce any evidence* that the warrant application was so lacking in indicia of probable cause as to render official belief in its existence unreasonable.... [DE 259 at 12 (emphasis added).]

   ii. There are no *genuine issues of material fact* when it comes to whether Best is liable to Plaintiff for false arrest/malicious prosecution; ***Best had probable cause to arrest*** Plaintiff based on the ***first part of Charlene's statement***. Best is entitled to judgment as a matter of law on those claims. [DE 259 at 12.]

Count V

A. There is *no evidence* Best's investigation denied Plaintiff to fair criminal process in violation of the Due Process Clause of the Fourteenth Amendments (*sic*) (Counts (*sic*) V). [DE 259 at 12.]

   i. The ***evidence developed in the present case regarding Best's investigation clearly falls well short of the applicable "deliberate or reckless" standard*** and does not amount to "conscience-shocking" behavior. [DE 259 at 14 (emphasis added).]

   ii. As Plaintiff is ***unable to forecast any evidence that any failure to investigate by Best was deliberate/reckless*** or any evidence to overcome

Charlene's testimony regarding the genuineness of her first statement, ***which provided Best probable cause*** to obtain an arrest warrant for Sharpe, Best is entitled to summary judgment on Sharpe's failure to investigate claim. [DE 259 at 14–15 (emphasis added).]

Count VI

A. There is ***no evidence*** Best concealed exculpatory and/or impeachment evidence thereby depriving Plaintiff of liberty and denial of fair criminal process in violation of the Due Process Clause of the Fourteenth Amendments (*sic*) (Counts (*sic*) VI). [DE 259 at 15 (emphasis added).]

   i. Based on the foregoing, there are ***no genuine issues of material fact*** when it comes to Sharpe's suppression of evidence/concealment of impeachment evidence claims. [DE 259 at 18 (emphasis added).]

Counts VIII and IX

A. Plaintiff ***did not adduce any evidence*** that Best withheld exculpatory evidence, coerced witnesses, made false reports, destroyed physical exculpatory evidence, or made false representations about evidence in his possession (Counts VIII and IX). [DE 259 at 18.]

   i. ***As Plaintiff has not adduced any evidence concerning these new allegations that Best withheld exculpatory evidence, coerced witnesses, made false reports, destroyed physical exculpatory evidence, or made false representations about evidence in his possession in violation of the First and Fourteenth Amendments, Best is entitled to judgment as a matter of law on these new claims.*** [DE 259 at 19 (emphasis added).]

Qualified Immunity

A. The privilege of qualified immunity protects government officials from liability ***so long as they could reasonably believe*** their conduct does not violate clearly established law. [DE 259 at 19,20 (emphasis added).]

B. ***If the facts could establish a constitutional violation***, the court must analyze whether the constitutional right alleged to have been violated was "clearly established' at the time of the officer's actions. [DE 259 at 20 (emphasis added).]

C. Assuming arguendo that Plaintiff made this showing, Plaintiff cannot point to any existing precedent at the time of the occurrence showing that it was "beyond debate" that Best's specific actions violated the Constitution because ***Best had probable cause to arrest prosecute and convict Plaintiff*** on the first part of Charlene's statement. [DE 259 at 21 (emphasis added).]

D. ***Plaintiff has not adduced any evidence that Best did not believe Charlene, or that Best acted in bad faith, or that Best's conduct was otherwise unlawful.*** [DE 259 at 21 (emphasis added).]

## Melvin's Qualified Immunity Arguments for Counts II, III, and IV All Turn on Issues of Fact

<ins>Count II – Knowing Use of False Evidence</ins>

A. Plaintiff's claims that Melvin fabricated false evidence ***lack factual support.*** [DE 256, Melvin's Mot. Summ. J. at 4 (emphasis added).]

  i. Plaintiff has ***failed to forecast evidence*** from which a jury could reasonably conclude that Melvin fabricated false evidence [*i.e.* Charlene's handwritten witness statement]. [DE 256 at 4 (emphasis added).]

  ii. Plaintiff's conclusory allegations that Melvin knowingly used false evidence are ***entirely devoid of factual development.*** Discovery has closed and ***there is no evidence*** establishing that Melvin knew Charlene's written statement was false on April 7, 1994, when she typed the warrant for Plaintiff's arrest. As for the causation prong, the record is ***entirely devoid of any evidence*** that Melvin participated in the alleged fabrication of Charlene's statement. [DE 256 at 6-7 (emphasis added).]

  iii. Plaintiff's arrest or conviction ***was not the "but-for" or proximate result of Melvin's conduct.*** Accordingly, summary judgment should be entered in Melvin's favor on the fabrication of evidence claim. [DE 256 at 7.]

B. Melvin is entitled to qualified immunity on Plaintiff's knowing use of false evidence claim. [DE 256 at 7.]

  i. While ***the knowing use of false evidence is a clearly established constitutional right, Plaintiff cannot forecast sufficient evidence*** that Melvin violated such a right. [DE 256 at 8 (emphasis added).]

  ii. ***Plaintiff may have been deprived of liberty as a result of negligently collected evidence....*** [DE 256 at 9 (emphasis added).]

  iii. Melvin ***did not knowingly use false evidence, as she did not know that Charlene's statement was false on April 7, 1994***, and did not violate any clearly established constitutional right and is entitled to qualified immunity on this claim. [DE 256 at 9 (emphasis added).]

<ins>Count III – Malicious Prosecution</ins>

A. Plaintiff's claim that ***Melvin lacked probable cause*** to apply for an arrest warrant fails as a matter of law. [DE 256 at 18 (emphasis added).]

  i. ***Based on Charlene's handwritten statement***, which contained her eyewitness account of the homicide identifying Sharpe as the shooter, ***Melvin reasonably believed Sharpe murdered Radcliffe and had no***

ii. As stated herein, *Melvin had no reason to believe Charlene was lying or did not accurately describe what she witnessed.* [DE 256 at 19 (emphasis added).]

iii. *Charlene's statement provided Melvin with probable cause* to obtain a warrant for Sharpe's arrest. [DE 256 at 20 (emphasis added).]

iv. Plaintiff *has cited no evidence* that Melvin "deliberately supplied misleading information that influenced the [grand jury's] decision. [DE 256 at 21 (emphasis added).]

v. Plaintiff *has cited no evidence* to conclude that Melvin tainted the grand jury process...*[n]or has [Plaintiff] put forward any evidence* to show that [Melvin] acted maliciously or conspired with [Detective Best] to mislead the grand jury." [DE 256 at 21 (emphasis added).]

vi. *A reasonable detective could have believed* that arresting Sharpe on charges of murder was lawful... [DE 256 at 21 (emphasis added).]

B. Qualified Immunity

i. Even if Melvin erred in concluding probable cause existed to arrest Sharpe, she is still entitled to qualified immunity *if her "decision was reasonable, even if mistaken."* [DE 256 at 22 (emphasis added).]

ii. *[S]he conducted an individualized [and thorough] investigation*. [DE 256 at 23 (emphasis added).]

<u>Count V – Failure to Investigate</u>

A. Under Fourth Circuit precedent, evidence that an officer allegedly failed to investigate a lead is relevant to a § 1983 claim only when presented *to support a claim for fabrication or concealment of material evidence* by showing that the defendant's failure to investigate was *part of a bad faith effort* to hide the fabrication or concealment. [DE 256 at 24 (emphasis added).]

B. Here, as demonstrated above, Plaintiff *failed to present evidence* from which a jury could conclude that Melvin violated his rights through fabrication. *Absent such evidence,* Plaintiff cannot sustain an independent § 1983 claim. [DE 256 at 25 (emphasis added).]

C. [A]assuming arguendo this Court determines Melvin owed Plaintiff a constitutional duty to follow alternative leads *even in the absence of a bad faith effort to hide information* that she fabricated or concealed material evidence, *the law establishing that duty was not clearly established in 1994 when Plaintiff was arrested and in 1995 when he was convicted of murder.* [DE 256 at 25-26 (emphasis added).]