IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Lead Case No. 4:21-cv-185-BO
*Consolidated with 4:22-cv-88-BO*

| | |
|---|---|
| MONTOYAE DONTAE SHARPE,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RICKY BEST, JEFFREY D. SHROCK, CAROLYN MELVIN, and the CITY OF GREENVILLE, NORTH CAROLINA,<br><br>Defendants. | **DEFENDANT MELVIN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEALS AS FRIVOLOUS** |

Defendant Carolyn Melvin ("Melvin"), by and through her undersigned counsel, and pursuant to Local Civil Rule 7.2, submits the following Memorandum of Law in Opposition to Plaintiff's Motion to Certify Defendants' Interlocutory Appeals as Frivolous (D.E. 299).

## STATEMENT OF THE CASE

On February 11, 2025, this Court entered an order denying Melvin qualified immunity on Counts II (42 U.S.C. § 1983 – Knowing and/or Reckless Use of False Evidence); Count III (42 U.S.C. § 1983 – Failure to Intervene); Count IV (42 U.S.C. § 1983 – Malicious Prosecution and Seizure); and Count V (42 U.S.C. § 1983 – Failure to Investigate). (D.E. 287.) The Court also denied public official immunity to Melvin on Count XII (Gross and Reckless Negligence). (D.E. 287.) On February 13, 2025, Melvin timely filed her Notice of Appeal, appealing the Court's denial of her Motion for Summary Judgment as to qualified immunity and public official immunity on the above counts, specifically on the issue of whether the district court erred in finding the constitutional rights Plaintiff alleges were violated were clearly established in 1994

1

and 1995. (D.E. 291.) On February 14, 2025, Defendants Best, Shrock, Melvin, and the City of Greenville filed a Motion to Continue Trial and the Pretrial Conference until after the Fourth Circuit appeal is resolved. (D.E. 297.) On February 18, 2025, the Fourth Circuit Court of Appeals consolidated the appeals of Melvin, Best, and Shrock and entered a briefing schedule, requiring opening briefs and the joint appendix to be filed by March 31, 2025. (D.E. 303; Exhibit A.) On February 18, 2025, Plaintiff filed a Motion to Certify Defendants' Interlocutory Appeals as Frivolous. (D.E. 299.)

Plaintiff contends the Fourth Circuit does not have jurisdiction over Melvin's fact-based arguments. However, Melvin does not intend for the Fourth Circuit to consider fact-based arguments. Rather, she intends for the Fourth Circuit to determine, among other things, whether the district court erred in determining the duty to intervene and the duty to follow alternative leads in the absence of a bad faith effort to conceal material evidence were clearly established constitutional rights in 1994 and 1995, which were unequivocally and properly raised in her Memorandum of Law in Support of her Motion for Summary Judgment. (D.E. 256, at 13, 25.) The Fourth Circuit clearly has jurisdiction over Melvin's appeal, which raises issues of law, and not fact, as discussed hereinbelow.

Further, the cases cited by Plaintiff in support of his contention that "[i]t is well-established that a district court can certify an interlocutory appeal as frivolous and allow a case to proceed to trial" actually hold to the contrary. (D.E. 300, at 3.) For example, in *Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167 (E.D. Va. 1993), the court held Fiji was entitled to a stay of further proceedings pending its interlocutory appeal of whether it was entitled to sovereign immunity from suit. Similarly, the court in *Indus. Servs. Grp., Inc. v. Dobson* granted defendants' motion to stay proceedings pending their interlocutory appeal on the

issue of sovereign immunity. No. 1:21-CV-00090-MR-WCM, 2022 WL 2232473, at *3 (W.D.N.C. June 21, 2022).

For the reasons set forth herein, this Court should deny Plaintiff's Motion to Certify Defendants' Appeals as Frivolous and stay the trial proceedings until the Fourth Circuit issues a ruling on the qualified immunity and public official immunity defenses to suit properly raised by Melvin.

## LEGAL ARGUMENT

### I. Applicable Standard

As a general rule, "a district court and a court of appeals should not assert jurisdiction over a case simultaneously" and therefore, a district court "must stay proceedings while a party's interlocutory appeal is pending." *Glob. Innovative Concepts, LLC v. Div. of Emergency Mgmt.*, No. 5:23-CV-69-FL, 2023 WL 8099111, at *1 (E.D.N.C. Nov. 21, 2023) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) and *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 647 (4th Cir. 2020)). "[T]he frivolity standard is demanding." *Glob. Innovative Concepts, LLC*, 2023 WL 8099111, at *2. "[C]lose calls are resolved <u>against</u> the party moving for certification." *Black v. W. Virginia State Police*, No. 3:22-CV-0096, 2023 WL 6850027, at *3 (S.D.W. Va. Oct. 17, 2023) (emphasis added). District courts exercise discretion when determining whether an appeal is frivolous and should exercise "restraint." *See id.* at *4 (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

An interlocutory appeal is frivolous where the substantive content is "wholly lacking in merit" or is "so plainly incorrect that nothing can be said." *See id.* at *2 (quoting *United States v. Head*, 697 F.2d 1200, 1204–05 (4th Cir. 1982). Notably, an interlocutory appeal is <u>not</u> frivolous merely because (1) "appellant's arguments are unconvincing and contrary to existing precedent"

or (2) the district court previously rejected appellant's arguments on appeal. *Glob. Innovative Concepts, LLC*, 2023 WL 8099111, at *2. In *Glob. Innovative Concepts, LLC*, this Court held defendant's appeal was not frivolous and stayed the proceedings pending a ruling on the court's denial of sovereign immunity even though the "issues raised by this defense, while rejected by the court, were not substantively inappropriate or so plainly incorrect as to be deemed frivolous." *See id.* at *2.

Of note, other district courts in the Fourth Circuit consider "the purpose of qualified immunity and determine that stays should generally be granted." *Reeves v. Wayne Cnty.*, No. 3:20-CV-0423, 2022 WL 37537, at *2 (S.D.W. Va. Jan. 4, 2022) (collecting cases). *See e.g., Glover v. Hryniewich*, 438 F. Supp. 3d. 625 (E.D. Va. Feb. 7, 2020); *Occupy Columbia v. Haley*, No. 3:11-03253, 2013 WL 12380290 (D.S.C. Mar. 18, 2013); *White v. Chapman*, No. 1:14-848, 2015 WL 13021744 (E.D. Va. Apr. 29, 2015). For example, in *Reeves v. Wayne Cnty.*, the court stayed the case pending resolution of the qualified immunity appeal where the "Defendant would be subjected to the trial next month" despite timely filing a notice of appeal. 2022 WL 37537, at *2 (citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993) ("[A]bsent immediate appeal, the central benefits of qualified immunity - avoiding the costs and general consequences of subjecting public officials to the risks of discovery and trial - would be forfeited[.]")) Further, where a plaintiff's ability to recover is only delayed and not "permanently diminished by a stay," a stay should generally be granted. *See id.*

**II. The Fourth Circuit has jurisdiction to hear Melvin's interlocutory appeal based on the denial of public official immunity.**

Public official immunity "has been recognized at common law for over a century." *Craven v. Novelli*, 661 F. Supp. 3d 430, 453 (W.D.N.C. 2023), *aff'd*, No. 23-1393, 2024 WL 1952590 (4th Cir. May 3, 2024). Under North Carolina law, police officers, like Melvin in 1994

4

and 1995, engaging in performance of their duties qualify as public officials subject to public official immunity. *Campbell v. Anderson*, 156 N.C. App. 371, 376, 576 S.E.2d 726 (2003).

Under well-established Fourth Circuit precedent, "[a]n order denying immunity is immediately appealable when, under state law, the immunity is an immunity from suit, not merely from liability." *R.A. v. Johnson*, 36 F.4th 537, 541 (4th Cir. 2022). *See Gray-Hopkins v. Prince George's Cnty., Maryland*, 309 F.3d 224, 231 (4th Cir. 2002). Under North Carolina law, "[p]ublic officials [] are <u>immune from suit</u> for actions taken in their official capacities." *Hensley on behalf of N. Carolina v. Price*, 876 F.3d 573, 587 (4th Cir. 2017) (emphasis added). "[P]ublic official immunity is effectively lost when that public official is forced to go to trial[,]" which is precisely the situation confronting Melvin. *See id.* (quoting *Wilcox v. City of Asheville*, 222 N.C. App. 285, 730 S.E.2d 226 (2012)). If this Court grants Plaintiff's Motion to Certify the Appeals as Frivolous, Melvin would be forced to proceed to trial and waive her entitlement to public official immunity.

As detailed below, Melvin raised issues of law with respect to her public official immunity defense by incorporating her discussion of qualified immunity into her discussion of public official immunity:

> As set forth above, Melvin is entitled to qualified immunity on the § 1983 claims, and therefore, is entitled to public official immunity on the state law tort claims. *See Caraway v. City of Pineville*, 639 F. Supp. 3d 560, 585 (W.D.N.C. 2022), *aff'd*, 111 F.4th 369 (4th Cir. 2024) ("Generally, where an officer defendant is entitled to qualified immunity for a Section 1983 claim, the officer is likewise entitled to public official immunity on derivative state law claims.") (citing *Cooper v. Sheehan*, 735 F.3d 153, 160 (4th Cir. 2013) ("[T]he analysis of a public officer's immunity is functionally identical to our discussion of the Officer's entitlement to qualified immunity with respect to § 1983 claims."))

(D.E. 256, at 26.) Accordingly, the Fourth Circuit has jurisdiction to hear Melvin's interlocutory appeal on the defense of public official immunity, which is a defense to suit and not merely a defense to liability.

> **III. The Fourth Circuit has jurisdiction to hear Melvin's interlocutory appeal based on the denial of qualified immunity.**

First, the issue of whether a right was clearly established is a question of law for the court to decide. *See Ray v. Roane*, 948 F.3d 222, 228 (4th Cir. 2020). In *Mitchell v, Forsyth*, the United States Supreme Court held the denial of qualified immunity is immediately appealable under the collateral order doctrine to the extent the defense turns on a question of law. 472 U.S. 511, 526, 530 (1985) (noting that where a qualified immunity defense is raised, defendants have an "entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law"). Recently, the Fourth Circuit in *McKenna v. Erickson* affirmed the holding in *Mitchell* by stating, "our jurisdiction over such an appeal extends [] to a denial of qualified immunity to the extent that it turns on an issue of law." No. 23-1573, 2025 WL 415738, at *1 (4th Cir. Feb. 6, 2025). Therefore, it is clearly established that the Fourth Circuit has jurisdiction to hear Melvin's appeal based on whether the constitutional rights at issue were clearly established in 1994 and 1995.

Second, contrary to Plaintiff's contention that defendants failed to adequately make any immunity arguments on issues of law, and therefore, waived their arguments (D.E. 300, at 8), Melvin, in her Memorandum of Law in Support of her Motion for Summary Judgment (D.E. 256), unequivocally raised issues of law. For example, Melvin stated the right for officers to intervene and the right for officers to follow alternative leads in the absence of a bad faith effort

to conceal material evidence were not clearly established constitutional rights in 1994 and 1995, as set forth below:

1. <u>Failure to Intervene</u>: "Even if this Court were to find a constitutional violation, which is denied, then Melvin is nonetheless entitled to qualified immunity under the second prong, as the right was not clearly established in 1994 and 1995." (D.E. 256, at 13.)

   "Melvin is entitled to qualified immunity because there is no clearly established law preventing her from sitting in an interview room with an eyewitness to a homicide and allowing the witness to provide a handwritten statement about the homicide she witnessed, which is precisely what she did here." (D.E. 256, at 14.)

   "[T]here is no clearly established constitutional obligation for a detective to intervene in a purported fabricated statement when she does not observe the purported fabrication or know her co-detective violated someone's constitutional rights. The Amended Complaint, notably, contains no allegation that Melvin knew Detective Best violated Sharpe's constitutional rights by fabrication." (D.E. 256, at 15.)

2. <u>Failure to Follow Alternative Leads in Absence of Bad Faith Effort to Conceal Material Evidence</u>: "[A]ssuming *arguendo* this Court determines Melvin owed Plaintiff a constitutional duty to follow alternative leads even in the absence of a bad faith effort to hide information that she fabricated, or conceal material evidence, the law establishing that duty was not clearly established in 1994 when Plaintiff was arrested and in 1995 when he was convicted of murder. *See*, *e.g.*, *Clipper v. Takoma Park, Md.*, 876 F.2d 17, 20 (4th Cir. 1989) (holding that officer's failure to investigate leads provided by arrestee was not, in itself, sufficient to negate probable cause); *Washington v. Buraker*, 322 F. Supp. 2d 692, 702 (W.D. Va. 2004) (holding the "Court is not aware of any caselaw establishing such a constitutional violation . . . where a police officer fails to investigate some leads in a criminal case."); *Favors v. Hoover*, No. 13-CV-428, 2016 WL 675708, at *12 (D. Minn. Jan. 29, 2016), *aff'd*, 670 F. App'x 434 (8th Cir. 2016) ("A mere failure to investigate leads or explore inconsistencies in evidence is not sufficient to allege recklessness that would shock the conscience.") (D.E. 256, at 25-26.)

Therefore, Melvin's interlocutory appeal certainly does not lack an arguable base in law, is not "patently meritless," and clearly invokes appellate court jurisdiction. *See Black*, 2023 WL 6850027, at *3. Likewise, the substantive content of Melvin's appeal, as demonstrated above, is not "wholly lacking in merit" or "substantively inappropriate." *See Glob. Innovative Concepts, LLC*, 2023 WL 8099111, at 2. Lastly, even though this Court held "the rights Sharpe alleges to have been violated were clearly established" (D.E. 289, at 9), "this prior conclusion does not

7

Case 4:21-cv-00185-BO    Document 306    Filed 02/27/25    Page 7 of 12

render defendant's arguments frivolous, either retroactively or prospectively on appeal." *See id.* at *2.

Third, the issue of clearly established constitutional rights was raised during the October 31, 2024, hearing on Defendants' Motions for Summary Judgment, where this Court agreed defendants have a right to appeal the denial of qualified immunity to the Fourth Circuit, as set forth below:

> THE COURT: Well, the claims of qualified immunity take center stage right now at this point in the proceedings, don't they? Because if you are – have qualified immunity, then you don't go to trial.
>
> MR. ELLIS: That's correct.
>
> THE COURT: If you don't have qualified immunity, then you can appeal it.
>
> MR. ELLIS: That's correct.
>
> THE COURT: So no matter what the Court does with qualified immunity, it will control the rest of the case.
>
> MR. ELLIS: Yes, sir. And again, all of the things we have gone through, we think, first of all, go to establish that there was no constitutional right violated. And then, obviously, as you know, qualified immunity says, well, if there is a violation, then it has to have been a right clearly established at that time. We've addressed that in the brief and explained why. Again, there was no violation. But should the Court conclude there was -- and I think you can go in either order in that analysis -- that, again, qualified immunity would bar the claims against Melvin.
>
> THE COURT: So as a practical matter, the case isn't going to be heard, irrespective of the other objections or motions, until it comes back from the Fourth Circuit.
>
> MR. ELLIS: Judge, procedurally, the case would certainly be in a posture to be presented to Richmond for consideration of qualified immunity. Yes, sir.
>
> THE COURT: Yeah.
>
> MR. RUDOLPH: Can I disagree with that, Your Honor?
>
> THE COURT: How are you going to get around an appeal on qualified immunity if you prevail?

> MR. RUDOLPH: Because the -- there are no disputes of fact or disputes of law. There is -- it is absolutely clear that each of these constitutional rights was well established, clearly established in 1994.
>
> **THE COURT: And if there's an order to that effect, they'll appeal it, and they have the right to appeal qualified immunity.**

(Exhibit B.)

Fourth, Supreme Court precedent emphasizes the public interest in protecting officers from suits, which also weighs in favor of granting the stay. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998) ("[T]here is a strong public interest in protecting public officials from the costs associated with the defense of damages actions."); *Reeves*, 2022 WL 37537, at *2.

Lastly, the procedural posture of this case is analogous to *J. Duane Gilliam v. Kenneth Sealey et al.* ("*Gilliam*"), a wrongful conviction case now closed in the Eastern District of North Carolina (5:15-cv-00451-BO). In *Gilliam*, this Court denied qualified immunity to officers on plaintiffs' 42 U.S.C. § 1983 claims for false arrest, malicious prosecution (lack of probable cause), and deprivation of due process (fabrication of evidence, failure to investigate, failure to disclose). (Exhibit C.) The Court, like in the case *sub judice*, held: (1) "The rights plaintiffs alleged were violated were clearly established" and (2) "Genuine issues of material fact exist as to whether plaintiffs' constitutional rights were violated." (Exhibit C, at 16.) After the Court denied summary judgment on the basis of qualified immunity, defendants Sealey, Price, Snead, and Allen timely filed Notices of Appeal to the Fourth Circuit, appealing the Court's denial of qualified immunity. (Exhibit D.) Thereafter, the Court entered an order staying the proceedings because the "matter is currently before the court of appeals" and directed the Clerk to remove the "case from the active docket during the pendency of the stay." (Exhibit E.) The Fourth Circuit heard the *Gilliam* appeal on the basis of qualified immunity and entered an order: *Gilliam v. Sealey*, 932 F.3d 216, 228-241 (4th Cir. 2019).

Accordingly, like in *Gilliam*, this Court should stay the matter pending Defendants' interlocutory appeals to the Fourth Circuit; dismiss Plaintiff's Motion to Certify the Appeals as Frivolous; and allow the Fourth Circuit to hear Melvin's appeal – an appeal it clearly has jurisdiction to hear as set forth herein.[1]

## CONCLUSION

For the foregoing reasons, Melvin respectfully requests this Court dismiss Plaintiff's Motion to Certify Defendants' Interlocutory Appeals as Frivolous (D.E. 299) and stay the proceedings pending a ruling from the Fourth Circuit on the issues of qualified immunity and public official immunity.

Respectfully submitted this the 27th day of February, 2025.

**POYNER SPRUILL LLP**

By: /s/ Sydney P. Davis
J. Nicholas Ellis
N.C. State Bar No. 13484
jnellis@poynerspruill.com
Sydney P. Davis
N.C. State Bar No. 58038
sdavis@poynerspruill.com
Michele L. Livingstone
N.C. State Bar No. 55131
mlivingstone@poynerspurill.com
P.O. Box 353
Rocky Mount, NC 27802-0353
Telephone: 252.972.7115

*Attorneys for Defendant Carolyn Melvin*

---

[1] Defendants Best and Shrock concur and join in the relief sought by Melvin. Defendants Best and Shrock will be filing a separate brief with this Court in response to D.E. 299.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to Rule 5 of the Federal Rules of Civil Procedure, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>David S. Rudolf
>Sonya Pfeiffer
>Phillip Lewis
>Rudolf Widenouse
>225 East Worthington Avenue
>Charlotte, NC 28203
>*Attorneys for Plaintiff*
>
>Elizabeth A. Martineu
>Martineau King, PLLC
>P.O. Box 241268
>Charlotte, NC 28224
>*Attorneys for Defendants City of Greenville,*
>*Ricky Best, and Jeffrey Shrock*
>
>Peter Clements, Jr.
>Wilson Elser Moskowitz Edelman & Dicker, LLP
>227 West Trade Street, 3rd Floor
>Charlotte, NC 28202
>*Attorneys for Defendants City of Greenville,*
>*Ricky Best, and Jeffrey Shrock*

This the 27th day of February, 2025.

/s/ Sydney P. Davis
Sydney P. Davis

## CERTIFICATION AS TO WORD COUNT

The undersigned certifies that the foregoing brief complies with Local Rule 7.2(f)(3). The brief contains 3,038 words, which includes the body of the brief, headings and footnotes. The caption, signature lines, certificate of service, and any cover page or index are not included in the above word count.

This the 27th day of February, 2025.

/s/ Sydney P. Davis
Sydney P. Davis