UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

MONTOYAE DONTAE SHARPE,          )
                                 )
            *Plaintiff*,          )
                                 )
 v.                              )          Docket No.
                                 )        4:21-CV-00185-BO
RICKY L. BEST, JEFFREY D.        )
SHROCK, CITY OF GREENVILLE,      )
N.C., and CAROLYN MELVIN,        )
                                 )
            *Defendants*.         )

          * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

              THURSDAY, OCTOBER 31, 2024
      TRANSCRIPT OF MOTION FOR SUMMARY JUDGEMENT
        BEFORE THE HONORABLE TERRENCE W. BOYLE
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

On Behalf of the Plaintiff:

    David S. Rudolph, Esquire
    Pfeiffer Rudolph
    2137 South Boulevard, Suite 300
    Charlotte, North Carolina 28203
    (704) 333-9945 | dsr@pr-lawfirm.com

    Phillip E. Lewis, Esquire
    Rudolf Widenhouse
    225 E. Worthington Avenue, Suite 100
    Charlotte, North Carolina 28203
    (704) 333-9945 | plewis@rudolfwidenhouse.com

              JENNIFER C. CARROLL, RMR, CRR, CRC
                    Official Court Reporter
                  United States District Court
                    Raleigh, North Carolina
          Stenotype with computer-aided transcription

APPEARANCES CONTINUED:


On Behalf of the Defendants Best, Shrock, and City of Greenville:

    Peter G. Clements, Esquire
    Wilson Elser oskowitz Edelman & Dicker LLP
    227 West Trade Street, Suite 300
    Charlotte, North Carolina 28202
    (401) 688-0306 | peter.clementsjr@wilsonelser.com

On behalf of Defendant Melvin:
    J. Nicholas Ellis, Esquire
    Sydney Plummer Davis, Esquire
    Poyner Spruill, LLP
    1151 Falls Road, Suite 1000
    Rocky Mount, North Carolina 27804
    (252) 972-7115 | jnellis@poynerspruill.com
    (252) 972-7113 | sdavis@poynerspruill.com

| | | |
|---|---|---|
| 15:02:32 | 1 | I understand that might be a material fact in dispute, |
| 15:02:35 | 2 | so we did not move on that.  But for the three claims we |
| 15:02:38 | 3 | did discuss, we believe that she is entitled to summary |
| 15:02:42 | 4 | judgment on those. |
| 15:02:42 | 5 | THE COURT:  Well, the claims of qualified |
| 15:02:44 | 6 | immunity take center stage right now at this point in |
| 15:02:49 | 7 | the proceedings, don't they?  Because if you are -- have |
| 15:02:54 | 8 | qualified immunity, then you don't go to trial. |
| 15:02:57 | 9 | MR. ELLIS:  That's correct. |
| 15:02:58 | 10 | THE COURT:  If you don't have qualified |
| 15:02:59 | 11 | immunity, then you can appeal it. |
| 15:03:03 | 12 | MR. ELLIS:  That's correct. |
| 15:03:05 | 13 | THE COURT:  So no matter what the Court does |
| 15:03:09 | 14 | with qualified immunity, it will control the rest of the |
| 15:03:12 | 15 | case. |
| 15:03:14 | 16 | MR. ELLIS:  Yes, sir.  And again, all of the |
| 15:03:15 | 17 | things we have gone through, we think, first of all, go |
| 15:03:18 | 18 | to establish that there was no constitutional right |
| 15:03:22 | 19 | violated.  And then, obviously, as you know, qualified |
| 15:03:25 | 20 | immunity says, well, if there is a violation, then it |
| 15:03:28 | 21 | has to have been a right clearly established at that |
| 15:03:31 | 22 | time.  We've addressed that in the brief and explained |
| 15:03:34 | 23 | why.  Again, there was no violation.  But should the |
| 15:03:37 | 24 | Court conclude there was -- and I think you can go in |
| 15:03:40 | 25 | either order in that analysis -- that, again, qualified |

| | | |
|---|---|---|
| 15:03:43 | 1 | immunity would bar the claims against Melvin. |
| 15:03:47 | 2 | THE COURT: So as a practical matter, the |
| 15:03:49 | 3 | case isn't going to be heard, irrespective of the other |
| 15:03:54 | 4 | objections or motions, until it comes back from the |
| 15:03:57 | 5 | Fourth Circuit. |
| 15:03:58 | 6 | MR. ELLIS: Judge, procedurally, the case |
| 15:04:00 | 7 | would certainly be in a posture to be presented to |
| 15:04:03 | 8 | Richmond for consideration of qualified immunity. Yes, |
| 15:04:06 | 9 | sir. |
| 15:04:07 | 10 | THE COURT: Yeah. |
| 15:04:09 | 11 | MR. RUDOLPH: Can I disagree with that, Your |
| 15:04:11 | 12 | Honor? |
| 15:04:11 | 13 | THE COURT: How are you going to get around |
| 15:04:13 | 14 | an appeal on qualified immunity if you prevail? |
| 15:04:16 | 15 | MR. RUDOLPH: Because the -- there are no |
| 15:04:19 | 16 | disputes of fact or disputes of law. There is -- it is |
| 15:04:22 | 17 | absolutely clear that each of these constitutional |
| 15:04:26 | 18 | rights was well established, clearly established in |
| 15:04:30 | 19 | 1994. |
| 15:04:31 | 20 | THE COURT: And if there's an order to that |
| 15:04:32 | 21 | effect, they'll appeal it, and they have the right to |
| 15:04:35 | 22 | appeal qualified immunity. |
| 15:04:37 | 23 | MR. RUDOLPH: They have a right to appeal. |
| 15:04:38 | 24 | We have a right to move to dismiss the appeal. If |
| 15:04:41 | 25 | those -- they can't delay this case more by a frivolous |