IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CONSOLIDATED ACTION

| | | |
|---|---|---|
| MONTOYAE DONTAE SHARP,<br>Plaintiff,<br><br>v.<br><br>DAVID RICKY BEST, *et al.*,<br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 4:21-CV-185-BO |
| MONTOYAE DONTAE SHARP,<br>Plaintiff,<br><br>v.<br><br>CAROLYN MELVIN,<br>Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 4:22-CV-88-BO |

## ORDER

This cause comes before the Court on a motion by non-parties Duke University and Jamie T. Lau (movants) for an award of attorney fees pursuant to the order entered by United States Magistrate Judge Robert T. Numbers, II. Defendants Best, Shrock, and the City of Greenville (defendants) have responded and the movants have replied. Defendants have moved for leave to file a surreply, to which the movants have responded. In this posture, the motions are ripe for disposition.

## DISCUSSION

The Court dispenses with a full recitation of the factual and procedural background as the parties and movants are familiar with these proceedings.

In July 2022, defendants issued three subpoenas seeking complete copies of the Innocence Project and Wrongful Convictions Clinic's file pertaining to plaintiff, which movants moved to

quash. Though the motion to quash was later withdrawn after movants and defendants came to an agreement, defendants later sought the same documents from plaintiff and filed a motion to compel. Movants were granted leave to respond to defendants' motion to compel.

On May 17, 2024, Magistrate Judge Numbers entered an order denying defendants' motion to compel and motion for leave to serve a subpoena. [DE 148]. Magistrate Judge Numbers awarded both plaintiff and the movants attorney fees and costs in connection with these motions under Fed. R. Civ. P. 37(a)(5)(B). *Id.* Magistrate Judge Numbers further entered an order outlining the process for determining the appropriate amount of expenses plaintiff and the movants are entitled to receive. [DE 149]. The only issue before the Court at this time is the specific amount of attorney fees and costs to which the movants are entitled. Movants are requesting $25,752.50. Defendants submit movants are entitled only to $6,710.00.[1]

The Court has considered the arguments of the parties and determines that the movants are entitled to the full amount of their requested fees and costs. Defendants contend that movants are limited to those fees "incurred in responding to the Motion to Compel" and that movants have identified those fees and costs as totaling $6,710.00. [DE 148 at 9]. But, as the movants have explained, much of the work required to respond to the motion to compel was performed when movants filed a motion to quash defendants' subpoenas, and thus this work also falls within the magistrate judge's award under Rule 37. Alternatively, movants are entitled to the full amount of attorney fees and costs requested as an appropriate sanction under Rule 45(d)(1). Rule 45 of the Federal Rules of Civil Procedure provides that

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce

---

[1] Defendants seek leave to file a surreply. [DE 270]. As movants did not raise a new argument in their reply brief, the motion is denied.

this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). Despite movants having filed a motion to quash in 2022 outlining why the materials sought by defendants comprised privileged communications and attorney work product, defendants nonetheless sought the same materials from plaintiff a year later. Defendants' actions evince a failure to take reasonable steps to avoid undue burden and expense on movants.

To determine whether the requested fees are reasonable, the Court considers the factors under *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008), and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Defendants have not objected to the hours or rates submitted by movants. The Court finds both to be reasonable under the applicable standards.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion for attorney fees filed by Duke University and Jamie T. Lau [DE 223] is GRANTED. Movants are awarded $25,752.50 in attorney fees and costs from defendants Best, Shrock, and the City of Greenville. The motion for leave to file a surreply [DE 270] is DENIED.

SO ORDERED, this ___5___ day of March 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE