IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CONSOLIDATED ACTION

| | | |
|---|---|---|
| MONTOYAE DONTAE SHARP,<br>Plaintiff,<br><br>v.<br><br>DAVID RICKY BEST, *et al.*,<br>Defendants. | ) ) ) ) ) ) ) ) ) | No. 4:21-CV-185-BO[1] |

| | | |
|---|---|---|
| MONTOYAE DONTAE SHARP,<br>Plaintiff,<br><br>v.<br><br>CAROLYN MELVIN,<br>Defendant. | ) ) ) ) ) ) ) ) ) | No. 4:22-CV-88-BO |

## ORDER

By order entered February 11, 2025, the Court granted in part and denied in part defendants' motions for summary judgment and denied plaintiff's motion for summary judgment. [DE 287]. The jury trial is currently set to commence during the Court's March 2025 term. On February 12, 2025, plaintiff filed a request for court-hosted settlement conference. [DE 289]. On February 13, 2025, defendants Carolyn Melvin, Ricky Best, and Jeffrey Shrock noticed interlocutory appeals of the Court's order on summary judgment. [DE 290; DE 291].

On February 14, 2025, defendants filed a corrected motion to continue the pretrial conference and trial, which plaintiff opposed. [DE 297; DE 298]. Defendants also requested that the Court schedule a court-hosted settlement conference after March 13, 2025. On February 18,

---

[1] No. 4:21-CV-185-BO remains the lead case in which all documents shall be filed, pending further order.

2025, plaintiff filed a motion to certify the interlocutory appeals as frivolous, which defendant Melvin has opposed. [DE 299; DE 306]. On February 27, 2025, defendants Best, Shrock, and the City of Greenville filed an emergency motion to stay this case pending resolution of the interlocutory appeal. [DE 307]. Plaintiff objects to the emergency motion. *Id*. A pretrial conference was held before Magistrate Judge Numbers on February 28, 2025. On March 5, 2025, plaintiff filed a motion for private mediated settlement conference. [DE 311].

## DISCUSSION

First, the motion to certify the interlocutory appeals as frivolous is denied. A frivolous appeal is one in which there is no basis in law or fact, *Nietzke v. Williams*, 490 U.S. 319, 325 (1989), or where it is "both meritless and substantively inappropriate." *Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993). That the Court has denied summary judgment on qualified immunity and public officer immunity based upon disputed facts does not render the interlocutory appeals frivolous. Indeed, whether and to what extent there is jurisdiction in the court of appeals to consider the denial of qualified immunity on interlocutory appeal requires the court of appeals to engage in "careful[] review" of the district court's order. *Howard v. Dowdy*, No. 20-2114, 2021 WL 1529288, at *1 (4th Cir. Jan. 27, 2021) (citing *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008)). Defendants' interlocutory appeal is not frivolous, and plaintiff's motion [DE 299] is denied.

Second, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Although issues remain for adjudication in this case which are not the subject of the appeal, because the interlocutory appeal concerns qualified and public officer immunity, and the

2

assertion of immunity is not frivolous, a stay of the underlying proceedings in this Court is appropriate. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989); *see also Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). The emergency motion to stay [DE 307] is therefore GRANTED.

As this matter is now stayed, the motions to continue the pretrial conference and trial [DE 293; DE 294; DE 297] are denied as moot. The Court will not order private mediation during the pendency of the stay, and the motion for private mediated settlement conference [DE 311] is also denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, the emergency motion to stay [DE 307] is GRANTED. This action is hereby STAYED pending resolution of the interlocutory appeal. The trial set for the March 2025 term is TERMINATED. The Clerk is DIRECTED to remove this case from the Court's active docket during the pendency of the appeal. The parties shall jointly notify this Court within ten (10) days of the filing of the Fourth Circuit's mandate of the posture of the case and the issues which remain for adjudication.

The motion to certify the interlocutory appeals as frivolous [DE 299] is DENIED. The motions to continue the pretrial conference and trial [DE 293; DE 294; DE 297] and for private mediated settlement conference [DE 311] are DENIED AS MOOT. In light of the stay, the Court will not schedule a court-hosted settlement conference. The parties remain free mediate without Court intervention.

SO ORDERED, this _6_ day of March 2025.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3